

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00324-CR

FRANK EDWARD REEVES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19435-1304, Honorable Edward Lee Self, Presiding

July 8, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK, J., and BOYD, S.J.[1]

Frank Edward Reeves was convicted of felony driving while intoxicated after pleading guilty, and he was sentenced by a jury to ten years confinement and a fine of $10,000. On appeal, he challenges the trial court's denial of his motion to suppress as a result of obtaining a blood sample from him without a warrant. We reverse.

The only evidence at the suppression hearing was an affidavit from Trooper Jerrod Burtnett. The trooper stopped appellant for speeding, observed signs of

---

[1] John T. Boyd, Senior Justice retired, sitting by assignment.

intoxication, conducted field sobriety tests, arrested appellant for driving while intoxicated, requested permission to obtain a blood sample which permission was refused, and then transported appellant to a hospital where his blood was drawn. The basis for the trooper's authority to have the blood sample taken after appellant's arrest for driving while intoxicated was his knowledge that appellant had two previous convictions for driving while intoxicated. The officer further knew of § 724.012 of the Transportation Code. It provided that "a peace officer shall require the taking of a specimen of the person's breath or blood . . . if the operator arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily  . . . [and] at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person . . . on two or more occasions, has been previously convicted of . . . an offense under Section 49.04 . . . Penal Code . . . ." TEX. PENAL CODE ANN. § 724.012(b)(3)(B) (West 2011).

Appellant concedes that the trooper was required by statute to obtain a breath or blood sample. Nonetheless, he contends that the statute does not permit the trooper to do so without a warrant and the lack of a warrant violated the federal and state constitutions as well as article 38.23 of the Code of Criminal Procedure. The trooper admitted in his affidavit that appellant did not consent to a blood draw; there were no exigent circumstances necessitating that the blood draw occur without first obtaining a search warrant; he had never had a problem obtaining a warrant; and it would not have been overly burdensome to obtain a warrant.

In *Sutherland v. State*, No. 07-12-00289-CR, 2014 Tex. App. LEXIS 3694 (Tex. App.—Amarillo April 7, 2014, no pet. h.), this court recently held "[t]o the extent that Section 724.012(b)(3)(B) can be read to permit . . . a warrantless seizure of a suspect's blood in the absence of such exigent circumstances or the suspect's consent, it runs afoul of the Fourth Amendment's warrant requirement." *Id*, at *39; *accord State v. Villareal*, No. 13-13-00253-CR, 2014 Tex. App. LEXIS 645, at *33 (Tex. App.—Corpus Christi January 23, 2014, pet. granted) (stating that "[g]iven the absence of a warrant, the absence of exigent circumstances, and the absence of consent, we agree with the trial court's conclusion that the State failed to demonstrate that the involuntary blood draw was reasonable under the Fourth Amendment or that an exception to the Fourth Amendment's warrant requirement is applicable to this case, as was its burden"); *see also Weems v. State*, No. 04-13-00366-CR, 2014 Tex. App. LEXIS 5109, at *10 (Tex. App.—San Antonio May 14, 2014, pet. filed); *Holidy v. State*, No. 06-13-00261-CR, 2014 Tex. App. LEXIS 4621, at *4 (Tex. App.—Texarkana April 30, 2013, pet. filed) (mem. op., not designated for publication); *but see Perez v. State*, No. 01-12-01001-CR, 2014 Tex. App. LEXIS 2681, at *7 (Tex. App.—Houston [1st Dist.] March 11, 2014, no pet.) (holding that a warrantless blood draw under § 724.012(b) did not violate Fourth Amendment rights). *Sutherland* controls the outcome here. Appellant refused a blood draw, but the trooper caused one to be taken anyway without first obtaining a warrant permitting that to occur. Moreover, no exigent circumstances existed dispensing with the need to first obtain a warrant. Thus, the act was an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution.

We note that the State relies to some extent on the implied consent deemed to exist in § 724.011 of the Transportation Code. TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011) (stating that if a person is arrested for driving while intoxicated, the person is deemed to have consented to submit to the taking of one or more specimens of the person's breath or blood to determine the alcohol concentration in the person's body).[2] However, we found in *Sutherland* that the theory was "constitutionally infirm," as well. *Sutherland v. State*, 2013 Tex. App. LEXIS 3694, at *23.

Lastly, while other evidence of guilt exists of record, it was proffered during the punishment phase of the trial. After the trial court denied appellant's motion to suppress, appellant pled guilty. So, there was no guilt phase of the trial *per se.* And it is a matter of common sense to think that the trial court's refusal to grant the motion affected appellant's decision to plead guilty. Furthermore, evidence of the blood draw, its results indicating the presence of a legally excessive level of alcohol in the blood stream, and appellant's refusal to consent to the draw were admitted during punishment. It is unlikely that any of such evidence would have been admissible had the motion to suppress been granted. Also of note is the evidence that appellant's blood alcohol level "was . . . [not] close" to the legal limit; such commentary could only serve to enhance the potential adverse impact the evidence could have on the jury's deliberations. To that, we had the State's acknowledgement within its brief that the inadmissible evidence was probative. Given these circumstances, we are unable to say "beyond a reasonable doubt that the error did not contribute to the conviction or

---

[2] A specimen may not be taken if a person refuses to submit except as provided by § 724.012(b). TEX. TRANSP. CODE ANN. § 724.013 (West 2011).

punishment." *See* TEX. R. APP. P. 44.2(a) (stating that to be the test in assessing harm when the error is constitutional in nature).

Accordingly, we reverse the judgment of the trial court and remand the cause.

Brian Quinn
Chief Justice

Do not publish.